Josephine O'KEEFE, Plaintiff,

v.

Otis BOWEN, Secretary of Health and Human Services, Defendant.

Louis SCHEIBELER, Plaintiff,

v.

Otis BOWEN, Secretary of Health and Human Services, Defendant.

Nos. 83 CV 1600-1, 83 CV 1600-2.

United States District Court, E.D. New York.

June 2, 1987.

Robert, Huber & Lerner by Charles Robert, Hempstead, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y. by Igou M. Allbray, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER

KORMAN, District Judge.

A memorandum and order entered on September 12, 1986, affirmed the decisions of the Secretary denying coverage for the first hundred days of care received by plaintiffs at the Belair Nursing Home. *O'Keefe v. Bowen*, 643 F.Supp. 523 (E.D.N. Y.1986). The affirmance was based on the argument advanced by the Secretary that the denial of benefits should be upheld because plaintiffs had not produced a physician's certification of need for the medical services as required by 42 U.S.C. § 1395f(a)(2)(B).

■ Sometime after the order of affirmance was entered, the United States Attorney advised that the original argument advanced in support of the denial of plaintiffs' claims for benefits was in error. Specifically, the United States Attorney took the position that the certification requirement of 42 U.S.C. § 1395f(a)(2) relates only to *payment* for services rendered under the Medicare program, not to *coverage* for such services. Coverage and payment are treated as two separate inquiries: first, the Secretary determines whether the individual and the services involved are covered by Medicare, and, second, if coverage exists, the Secretary determines whether the other requirements for payment to the provider have been met. Moreover, once coverage is established, the provider of services, not the patient, is responsible for obtaining the necessary physicians' certifications, 42 C.F.R. § 405.1625(b) (1986), and bears the risk of nonpayment if such certifications are unavailable. 42 C.F.R. § 489.21(b)(1) and 489.40(b) (1986).

In *Friedman v. Secretary of the Department of Health and Human Services*, 819 F.2d 42 (2d Cir.1987), the Court of Appeals, faced with a similar about-face by the United States Attorney, accepted this interpretation of 42 U.S.C. § 1395f(a)(2). Accordingly, because the plaintiffs in the instant cases, like the plaintiff in *Friedman*, dispute the Secretary's determination concerning coverage, the certification requirement is not applicable, and the orders of affirm-

ance entered on September 12, 1986, are vacated.

The issue remains, as it did in *Friedman*, as to whether the Secretary's decisions denying benefits are supported by substantial evidence. This issue was not resolved in the original orders of affirmance, although it was observed that there was evidence in the record "which lend[s] support to the Secretary's determinations." 643 F.Supp. at 530 n. 12.

After again carefully reviewing the record, it is concluded that a remand to the Secretary is required to take medical testimony on the issue of whether plaintiffs required or received skilled nursing care. In contrast to the record in the *Friedman* case, there is no expert medical testimony in the records here which provides "a detailed explanation why [plaintiffs'] overall condition and needs were such" that they were not "receiving and did not need skilled nursing services." *Friedman, supra*, at 45. Thus, unlike the *Friedman* case, there is no basis for affirming the Secretary's decisions on the alternative ground that they were supported by substantial evidence.

Because the absence of such testimony makes it impossible to determine whether plaintiffs needed skilled nursing care or whether such care was provided in accordance with applicable legal standards, the decisions of the Secretary are reversed and the cases are remanded for further consideration in accordance with this opinion.

SO ORDERED.